UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**GROSS G. WILLIAMS**              **CASE NO.  6:20-CV-00534 SEC P**

**VERSUS**                         **JUDGE ROBERT R. SUMMERHAYS**

**TAX COLLECTOR**                  **MAGISTRATE JUDGE WHITEHURST**
**LAFAYETTE PARISH, ET AL**

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Gross G. Williams, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 16, 2020. Rec. Doc. 1. An Amended Complaint, on proper forms, was filed on July 8, 2020. Rec. Doc. 12. Plaintiff is an inmate in the custody of in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCI-Oakdale"). He brings claims against Lafayette Parish Tax Collector, Mark Prgarber, Unknown Defendants, Ramon J. Fonseca, Jr. and Adrian Webster Paul Davis, alleging that they failed to adhere to the tax sale notification laws.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reason it is recommended that the complaint be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## *Background*

Plaintiff complains that his property was sold at tax sale by the defendants, who failed to adhere to the tax sale notification laws. Rec. Doc. 1, p. 3. Accordingly, he alleges that he was deprived of his rights to object to the tax sale, find a solution to the pending tax sale, redeem his property within the three-year time period, file for bankruptcy protection, and appear in court to defend his property rights. *Id*. He asks this Court to nullify the tax sale and award monetary damages.

## *Law and Analysis*

### 1. **Frivolity Review**

Williams has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a

complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### 2. *Rooker-Feldman* Doctrine

Plaintiff asks this Court to nullify a Court ordered tax sale. "To the extent that this action invites this federal court to review judgments entered in that closed state proceeding, the Court lacks subject matter jurisdiction under 'the *Rooker-Feldman* doctrine' — a narrow jurisdictional bar. . . designed to prevent lower federal courts from exercising jurisdiction over matters that are exclusively reserved for Supreme Court review under 28 U.S.C. § 1257." *Santoro v. Cty. Of Collin*, 2019 U.S. Dist. LEXIS 166858 *11 (E.D. Tex. August 16, 2019) (internal citations omitted). "Under this doctrine, a federal district court lacks jurisdiction to consider 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); citing *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("under [*Rooker-Feldman*] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in

a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights").

"A plaintiff cannot 'circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief,' if these claims are 'inextricably intertwined with a state judgment.'" *Id.* (quoting *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (per curiam) (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)). "'[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits' and . . . moreover, '[t]he only federal recourse for constitutional questions arising in state court proceedings is application for writ of certiorari to the United States Supreme Court.'" *Id.* (quoting *Turner*, 354 F. App'x at 111) (quoting *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986), and citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994))).

Federal courts have routinely applied the *Rooker-Feldman* doctrine to matters involving state property tax assessments. *Id.* at *12 (citing *Rizer v. County of Bastrop, Texas*, 18-CV-607-LY-ML, 2018 U.S. Dist. LEXIS 222848, 2018 WL 7350680, at *3-4 (W.D. Tex. Dec. 14, 2018), report and recommendation adopted, 1:18-CV-607-LY, 2019 U.S. Dist. LEXIS 43878, 2019 WL 1313453 (W.D. Tex. Mar. 1, 2019); *Bright v. Bd. of Equalization*, 4:15-CV-61-HSM-SKL, 2016 U.S. Dist. LEXIS 21756, 2016 WL 692842, at *3 (E.D. Tenn. Feb. 1, 2016), report and

recommendation adopted, 4:15-CV-61, 2016 U.S. Dist. LEXIS 20789, 2016 WL 716898 (E.D. Tenn. Feb. 22, 2016) ("Additionally, to the extent Plaintiff is contesting the validity of the property tax assessment or the actions of the Tennessee state court, the *Rooker—Feldman* doctrine would bar Plaintiff's claim, because Plaintiff's alleged injuries were caused by the property tax assessment and any subsequent order issued by the state court. . . . to the extent that Plaintiff is asserting claims regarding the Tennessee state court's actions or decisions regarding the validity of the property tax assessment for Plaintiff's property, such claims would be barred by the *Rooker—Feldman* doctrine and should be dismissed."); *Brooks v. Couchman*, CIV.A. 04-2209-KHV, 2004 U.S. Dist. LEXIS 23253, 2004 WL 2607551, at *6 (D. Kan. Nov. 16, 2004), aff'd, 163 F. App'x 739 (10th Cir. 2006) ("Defendants argue that the Court lacks subject matter jurisdiction under *Rooker—Feldman* because plaintiff's conspiracy claims essentially seek review of the state court decision in the property tax foreclosure case in Wyandotte County. To the extent plaintiff asserts that state court rulings violated his constitutional rights in the state court case, *Rooker—Feldman* bars such claims."); *Schutterle v. United States,* 74 F.3d 846, 847-48 (8th Cir. 1996) ("To the extent Schutterle sought review of his state property tax assessment, the district court lacked subject matter jurisdiction over his claim."); *Spraggins v. Walton County*, 3:12CV12/RS/CJK, 2012 U.S. Dist. LEXIS 38094, 2012 WL 953093, at *3 (N.D. Fla. Mar. 2, 2012), report and

recommendation adopted, 3:12-CV-12/RS-CJK, 2012 U.S. Dist. LEXIS 38090, 2012 WL 953104 (N.D. Fla. Mar. 21, 2012) ("The plaintiff in this case was a state-court loser in Walton County Circuit Court Case Number 2005-CA-000312. Without question, the state court judgment formed the basis of, or was intertwined with, the injuries of which plaintiff presently complains: that plaintiff's loss of ownership and possession of part of his property, inaccurate property tax assessment, monetary damages, and emotional suffering were the result of an unconstitutional proceeding. The state court proceeding ended before plaintiff instituted the present federal lawsuit. Plaintiff seeks, in effect, to have this Court 'review and reject' the state court proceeding because plaintiff wants a declaration that the state court proceeding violated his federal constitutional rights. Plaintiff's claims arising from the allegedly unconstitutional taking of his land should be dismissed for lack of jurisdiction, under the *Rooker—Feldman* doctrine."). Accordingly, *Rooker-Feldman* divests this Court of jurisdiction.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of

this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on the 17th day of August, 2020.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE